Dear Ms. Ard:
This office is in receipt of your request for an opinion of the Attorney General. You indicate the elected Marshal gave the Mayor a hand written resignation stating in the best interest of all concerned he was resigning for health and other personal problems. He was admitted to West Lake Rehab center for treatment of drug abuse, but is no longer there or at the present time living in the Village. He has not returned a typed resignation prepared at the Mayor's direction to be witnessed and notarized. Your question regards the replacement of the Marshal who has not worked as Marshal since December 1991.
There are numerous opinions of this office that conclude under R.S. 33:385.1 an elected chief of police must reside within the limits of the municipality, and if he moves outside of the municipality the local governing authority should declare his office vacant. Atty. Gen. Op. Nos. 84-919, 83-215, 83-213, 81-1341.
It is not clear from your letter whether the Marshal is temporarily out of the Village, or has changed his residence from the Village. If he has moved his residence, the governing authority may declare the office vacant.
However, it would appear, even if he has not moved his residence, the office may still be declared vacant by reason of his written resignation and subsequent failure to perform his duties. Although the resignation is not in the form provided by R.S. 18:651-654, the written resignation, along with the lack of performance, can be considered as a refusal to perform his duties. As recognized by this office in Atty. Gen Op. No. 79-591, although there was no statutory resignation, when the mayor and one alderman announced their resignation, and then refused to perform any incumbent duties, the governing authority could declare the office vacant.
After the office is declared vacant, under R.S. 18:602 the governing authority of the local governmental subdivision where the vacancy occurs shall, within ten days, appoint a person to fill the vacancy who meets the qualifications of the office. The presiding officer shall not be required to vote on such an appointment unless a tie vote occurs. If the vacancy is not filled within the time specified, the governor shall fill the vacancy.
We hope this sufficiently answers your inquiry as how to replace the Marshal, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/2110f